LAURA E. INNES, BAR NO. 124259
SIMPSON, GARRITY & INNES
Professional Corporation
601 Gateway Boulevard, Suite 950
South San Francisco, CA 94080
Telephone: (650) 615-4860
Fax: (650) 615-4861

Attorneys for Defendants
Imahara Produce, Inc. and Wayne Imahara

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEOBARDO CUESTA, | Case No. C-07-03443 PVT |
| Plaintiff, | **DEFENDANTS IMAHARA PRODUCE, INC. AND WAYNE IMAHARA'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES** |
| v. | |
| IMAHARA PRODUCE, INC., WAYNE IMAHARA, and DOES 1-10, | |
| Defendants. | |

DEFENDANTS IMAHARA PRODUCE, INC. and WAYNE IMAHARA (hereinafter collectively "Defendants") answer the Complaint for Damages as follows:

**GENERAL ALLEGATIONS**

1. In answer to paragraph 1 of the Complaint, Defendants admit that Plaintiff Leobardo Cuesta was employed by Defendant Imahara Produce, Inc. at some time during the last four years prior to the filing of this Complaint. Except as expressly admitted herein, Defendants expressly deny the allegations of paragraph 1.

2. In answer to paragraph 2 of the Complaint, Defendants admit the allegations of paragraph 2.

3. In answer to paragraph 3 of the Complaint, Defendants admit the allegations of paragraph 3.

1    4.    In answer to paragraph 4 of the Complaint, Defendants do not have sufficient information upon which to base a response and therefore deny the allegations of paragraph 4.

5.    In answer to paragraph 5 of the Complaint, Defendants admit the allegations of paragraph 5.

6.    In answer to paragraph 6 of the Complaint, Defendants admit that the individual Defendant, Wayne Imahara, is a resident of the County of Santa Clara, California. Except as expressly admitted herein, Defendants deny the allegations of paragraph 6.

7.    In answer to paragraph 7 of the Complaint, Defendants admit that Wayne Imahara is an officer and employee of Imahara Produce, Inc. and is a shareholder of that corporation. Except as expressly admitted herein, Defendants deny the allegations of paragraph 7.

8.    In answer to paragraph 8 of the Complaint, Defendants admit the allegations of paragraph 8.

9.    In answer to paragraph 9 of the Complaint, Defendants admit that Plaintiff was an employee of Imahara Produce, Inc. during the four years prior to the filing of this Complaint, and as an employee, acted in the normal course and scope of his employment duties. Except as expressly admitted herein, Defendants deny the allegations of paragraph 9.

10.    In answer to paragraph 10 of the Complaint, Defendants admit that on occasion Plaintiff worked in excess of 8 hours per day and/or in excess of 40 hours per week. Except as expressly admitted herein, Defendants deny the allegations contained therein.

11.    In answer to paragraph 11 of the Complaint, Defendants admit the allegations contained therein.

12.    In answer to paragraph 12 of the Complaint, Defendants deny the allegations of paragraph 12.

13.    In answer to paragraph 13 of the Complaint, Defendants do not have sufficient information upon which to form a conclusion as to whether Plaintiff maintained any professional license, and on that basis deny the allegation. Defendants admit that Plaintiff did not exclusively manage any division of Imahara Produce, Inc. Defendants further admit that Plaintiff did not

///

1  directly supervise any employees. Except as expressly admitted herein, Defendants deny the allegations of paragraph 13.

2  14.  In answer to paragraph 14 of the Complaint, Defendants deny the allegations of paragraph 14.

3  15.  In answer to paragraph 15 of the Complaint, Defendants re-allege and incorporate by reference the responses in paragraphs 1 through 14 as if fully stated herein.

4  16.  In answer to paragraph 16 of the Complaint, Defendants admit that California Labor Code section 501 states what it states. Except as expressly admitted herein, Defendants deny the allegations of paragraph 16.

5  17.  In answer to paragraph 17 of the Complaint, Defendants admit that on occasion Plaintiff worked in excess of 8 hours in a day and/or 40 hours in a week. Except as expressly admitted herein, Defendants deny the allegations of paragraph 17.

6  18.  In answer to paragraph 18 of the Complaint, Defendants admit that California Labor Code section 1194 states what it states. Except as expressly admitted herein, Defendants deny the allegations of paragraph 18.

7  19.  In answer to paragraph 19 of the Complaint, Defendants deny the allegations of paragraph 19.

8  20.  In answer to paragraph 20 of the Complaint, Defendants deny the allegations of paragraph 20.

9  21.  In answer to paragraph 21 of the Complaint, Defendants deny the allegations of paragraph 21.

10  22.  In answer to paragraph 22 of the Complaint, Defendants admit that California Labor Code section 1194(a) states what it states. Except as expressly admitted herein, Defendants deny the allegations of paragraph 22.

11  23.  In answer to paragraph 23 of the Complaint, Defendants re-allege and incorporate by reference the responses in paragraphs 1 through 22 as if fully stated herein.

12  24.  In answer to paragraph 24 of the Complaint, Defendants deny the allegations of paragraph 24.

25. In answer to paragraph 25 of the Complaint, Defendants admit that 29 U.S.C. §207 states what it states. Except as expressly admitted herein, Defendants deny the allegations of paragraph 25.

26. In answer to paragraph 26 of the Complaint, Defendants deny the allegations of paragraph 26.

27. In answer to paragraph 27 of the Complaint, Defendants deny the allegations of paragraph 27.

28. In answer to paragraph 28 of the Complaint, Defendants deny the allegations of paragraph 28.

29. In answer to paragraph 29 of the Complaint, Defendants deny the allegations of paragraph 29.

30. In answer to paragraph 30 of the Complaint, Defendants deny the allegations of paragraph 30.

31. In answer to paragraph 31 of the Complaint, Defendants deny the allegations of paragraph 31.

32. In answer to paragraph 32 of the Complaint, re-allege and incorporate by reference the responses in paragraphs 1 through 31 as if fully stated herein.

33. In answer to paragraph 33 of the Complaint, Defendants deny the allegations of paragraph 33.

34. In answer to paragraph 34 of the Complaint, Defendants deny the allegations of paragraph 34.

35. In answer to paragraph 35 of the Complaint, Defendants deny the allegations of paragraph 35.

36. In answer to paragraph 36 of the Complaint, Defendants admit that Labor Code section 218.5 states what it states. Except as expressly admitted herein, Defendants deny the allegations of paragraph 36.

///
///

1     37. In answer to paragraph 37 of the Complaint, Defendants admit that Labor Code section 218.6 and Civil Code section 3289(b) state what they state. Except as expressly admitted herein, Defendants deny the allegations of paragraph 37.

    38. In answer to paragraph 38 of the Complaint, Defendants re-allege and incorporate the defenses of paragraphs 1 through 37 as if fully stated herein.

    39. In answer to paragraph 39 of the Complaint, Defendants admit that Imahara Produce, Inc. is subject to the California Labor Code and to the applicable Wage Order. Except as expressly admitted herein, Defendants deny the allegations of paragraph 39.

    40. In answer to paragraph 40 of the Complaint, Defendants admit that Imahara Produce, Inc. was subject to California Business and Professions Code §1700 et seq. Except as expressly admitted herein, Defendants deny the allegations of paragraph 40.

    41. In answer to paragraph 41 of the Complaint, Defendants deny the allegations of paragraph 41.

    42. In answer to paragraph 42 of the Complaint, Defendants deny the allegations of paragraph 42.

    43. In answer to paragraph 43 of the Complaint, Defendants deny the allegations of paragraph 43.

    44. In answer to paragraph 44 of the Complaint, Defendants deny the allegations of paragraph 44.

    45. In answer to paragraph 45 of the Complaint, Defendants deny the allegations of paragraph 45.

    46. In answer to paragraph 46 of the Complaint, Defendants re-allege and incorporate the responses in paragraphs 1 through 45 as if fully stated herein.

    47. In answer to paragraph 47 of the Complaint, Defendants admit that California Labor Code section 226 states what it states. Except as expressly admitted herein, Defendants deny the allegations of paragraph 47.

///

///

48. In answer to paragraph 48 of the Complaint, Defendants admit that California Labor Code section 226 states what it states. Except as expressly admitted herein, Defendants deny the allegations of paragraph 48

49. In answer to paragraph 49 of the Complaint, Defendants deny the allegations of paragraph 49.

50. In answer to paragraph 50 of the Complaint, Defendants deny the allegations of paragraph 50.

51. In answer to paragraph 51 of the Complaint, Defendants deny the allegations of paragraph 51.

52. In answer to paragraph 52 of the Complaint, Defendants deny the allegations of paragraph 52.

53. In answer to paragraph 53 of the Complaint, Defendants deny the allegations of paragraph 53.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE Defendants aver that Plaintiff's Complaint fails to state sufficient facts to constitute any cause of action or claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE Defendants aver that Plaintiff's claims for relief are barred by the applicable statute(s) of limitations.

### THIRD AFFIRMATIVE DEFENSE

AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE Defendants aver that Plaintiff's claims for relief are barred by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE Defendants aver that Plaintiff is barred from any and all recovery by virtue of their conduct constituting a waiver of each and every alleged claim for relief.

### FIFTH AFFIRMATIVE DEFENSE

AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants aver that Plaintiff is estopped by his own actions and conduct from seeking recovery on his claims for relief.

### SIXTH AFFIRMATIVE DEFENSE

AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, to each and every cause of action, Defendants aver that Plaintiff's claims are barred in whole or in part by Plaintiff's failure to exhaust contractual remedies.

### SEVENTH AFFIRMATIVE DEFENSE

AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants have insufficient knowledge or information on which to form a belief as to whether it may have additional, but as yet unstated, affirmative defenses available to them. Defendants, therefore, reserve the right to assert additional affirmative defenses in the event discovery indicates such defenses are available.

WHEREFORE, Defendants pray for judgment as follows:

1. That this case by dismissed;
2. That Plaintiff take nothing by his Complaint;
3. That judgment be entered in favor of Defendants;
4. That Defendants be awarded their attorneys' fees and costs herein;
5. That the Court award Defendants such other and further relief as this Court deems proper.

Date: August 15, 2007

Respectfully submitted,

SIMPSON, GARRITY & INNES
Professional Corporation

By: /s/ Laura E. Innes
LAURA E. INNES
Attorneys for Defendants
Imahara Produce, Inc. and Wayne Imahara

## PROOF OF SERVICE BY MAIL

I, the undersigned, hereby declare that I am over the age of eighteen years and not a party to the within action. My business address is 601 Gateway Boulevard, Suite 950, South San Francisco, California 94080.

On the date indicated below, I served by mail a true copy of the following documents:

**DEFENDANTS IMAHARA PRODUCE, INC. AND WAYNE IMAHARA'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES**

I am readily familiar with the practice of this business for collection and processing of documents for mailing with the United States Postal Service. Documents so collected and processed are placed for collection and deposit with the United States Postal Service that same day in the ordinary course of business. The above-referenced document(s) were placed in (a) sealed envelope(s) with postage thereon fully prepaid, addressed to each of the below listed parties and such envelope(s) was (were) placed for collection and deposit with the United States Postal Service on the date listed below at San Francisco, California.

James Dal Bon, Esq.
Dal Bon and Wang
12 South First Street, #613
San Jose, CA 95113

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 15, 2007, at South San Francisco, California.

_____
Tracy Kecskemeti